Stahl, Executor of Lyne, *v.* Crouse et al.

In Error.

A feme sole, in prospect of marriage, conveyed real estate in trust for her separate use, so that the husband might not have a right to the rents, issues, and profits; "nor shall," it was said, "the said premises, nor the rents, issues, or profits, be liable for any debts which he may now owe, or which he may hereafter contract, but be subject to her *order* alone." *Held,* that the deed contained no power to dispose of the estate by an appointment in the nature of a will.

Error to the Court of Common Pleas of Dauphin county.

This action, in which John Stahl, executor of Eliza Lyne, deceased, the plaintiff in error, was defendant; and John W. Crouse and Amelia E. his wife, and Alfred Lyne, by his guardian, John C. Bucher, the defendants in error, were plaintiffs, was entered amicably, and the following case stated and submitted for the opinion of the court.

The parties to this suit do hereby agree that an amicable action of ejectment be entered in Dauphin Common Pleas, wherein the above named John W. Crouse and Amelia E., his wife, and Alfred Lyne, by his guardian John C. Bucher, shall be plaintiffs, and John Stahl, executor of Eliza Lyne, deceased, shall be defendant, for two lots of ground situated in the borough of Harrisburg, on the south corner of Meadow lane, and an alley now called Sixth street, numbered on the plan of the said town of Harrisburg with the numbers 315 and 316, now in the possession of Samuel Rogers and                  .  On and before the 7th day of April, 1825, Eliza Jones, afterwards Eliza Lyne, was seised in fee of the premises in question, and on that day (April 7, 1825) the said Eliza Jones made and delivered a certain deed of trust, dated April 7, 1825, to Christian Stahl, which was recorded on the 8th April, 1825, in the Recorder's office of Dauphin county, in book Z., page 358, which deed is to be annexed and made part of this case. After the making of the said deed of trust, viz., in the year        , the said Eliza Lyne was married to John Lyne, of Harrisburg, and of this marriage were born to them three children, to wit: Theodore Lyne, Amelia E. Lyne, and Alfred Lyne.  That in April, 1838, the said Eliza Lyne died, leaving her husband, the said John Lyne, and her three above-named children surviving her, and before her death, and during her said coverture on the 7th April, 1838, the said Eliza Lyne made her last will and testament, which was duly proved before the register of Dauphin county on the 30th April, 1838, which last will is also made part of this case.  Since the death of Eliza Lyne, the

said John Lyne, her former husband, and her son, Theodore Lyne, have died, the said Theodore having died intestate, unmarried, and without issue.

The object of this case is to determine the validity of the will of the said Eliza Lyne, deceased, in respect to the premises claimed in this case.

If, upon the facts contained in this case, the plaintiffs are entitled to recover, judgment is to be rendered for the plaintiffs; but otherwise, judgment to be entered for the defendant.

December 9, 1844. It is also agreed that before the death of Eliza Lyne, Christian Stahl, said trustee, made his will, appointing John Stahl the executor thereof. And it is hereby further agreed by the parties, that any determination of this case stated, shall have no effect to invalidate the past administration of John Stahl as executor of the will of said Eliza Lyne, deceased.

The following is a copy of the material part of the deed in trust of Eliza Jones, afterwards Eliza Lyne, to Christian Stahl, referred to in, and made part of the case stated:

"Now this indenture witnesseth, that the said Eliza Jones, for and in consideration of the sum of one dollar lawful money of the United States, unto her in hand by the said Christian Stahl well and truly paid at and before the ensealing and delivery hereof, the receipt and payment whereof is hereby acknowledged, and thereof doth acquit and for ever discharge the said Christian Stahl, his heirs, executors and administrators, by these presents, hath granted, bargained, sold, released, and confirmed, and by these presents doth grant, bargain, sell, release, and confirm unto the said Christian Stahl, his heirs and assigns, for the uses and purposes hereinafter mentioned, that certain dwelling-house and piece of ground above mentioned and described, situate in the city of Lancaster. Also, that certain house and two lots of ground above mentioned and described, situate in the borough of Harrisburg. Together with all the buildings and improvements on the said several pieces of ground erected, and being ways, trees, waters, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders unto, issues and profits thereof. And also, all the estate, right, title, interest, property, claim and demand whatever of the said Eliza Jones, in law, or equity, or otherwise howsoever of, in, to, or out of the same, or any part or parcel thereof. To have and to hold the said above-mentioned and described two several pieces of property, one thereof situate in the city of Lancaster, and the other situate in the borough of Harrisburg, hereditaments and

premises, hereby granted and sold, or mentioned and intended so to be, with the appurtenances unto the said Christian Stahl, his heirs and assigns, in trust, nevertheless, for the sole use and benefit of the said Eliza Jones, and her heirs and assigns for ever, but in such way and manner, that if, at any future period, the said Eliza Jones should inter-marry with any person or persons, the husband or husbands shall by no law, usage or custom whatever, *have any right, title, claim, or in-terest to the rents, issues, or profits of the premises aforesaid, nor shall the said premises, nor the rents, issues, or profits thereof, be in any way or manner liable for any debts which he or they may now owe, or which he or they may hereafter contract, but be subject to her order alone, any thing herein before contained to the contrary in any wise notwith-standing.*"

The following is a copy of the will of Eliza Lyne, made part of the case stated, and referred to therein:

" In the name of God, amen, I, Eliza Lyne, (formerly Eliza Jones,) of the borough of Harrisburg, in the county of Dauphin, being weak in body, but of sound and disposing mind, memory and understanding, do make and ordain this to be and remain my last will and testament in manner and form following, to wit:

" Whereas, on the 7th day of April, 1825, I executed a deed of trust to Christian Stahl, of the borough of Harrisburg, conveying all my estate, real and personal, to him, in trust for the sole use and benefit of myself and my heirs and assigns, which said deed is duly recorded in the Recorder's office in Harrisburg, in Deed Book Z., vol. 1, page 358. And whereas, in order to carry the said trust more fully into effect, I do order and direct that my real estate, situated in the borough of Harrisburg, shall be and remain unsold in the hands of my executor hereinafter named, for the use and benefit of my three children, viz.: Theodore Lyne, Amelia Elizabeth Lyne, and Alfred Lyne, the rents of which to be applied towards their maintenance and education; and when my said children shall respectively attain his or her lawful age, he or she shall be entitled to the one-third of the net profits of my whole estate, for and during the term of his or her natural life, and in case any of my children should die in his or her mind, and without lawful issue, then the share of him or her so dying shall go to and be vested in the survivor or survivors. I further order and direct that my personal property be sold as soon as conveniently can be done, and the moneys arising from such sale to be applied towards the mainte-nance and education of my aforesaid three children, after the payment of my funeral expenses. Lastly, I nominate, constitute and appoint John Stahl, of the borough of Harrisburg, to be the executor of this

my last will and testament: and I do further appoint the said John Stahl the guardian of the persons and estate of my three children, Theodore Lyne, Amelia Elizabeth Lyne, and Alfred Lyne.

"In witness whereof I have hereunto set my hand and seal, the 7th day of April, A. D. 1838."

The Court of Common Pleas, (Eldred, President,) after argument, delivered the opinion which follows, and entered judgment for the plaintiffs. Whereupon, the counsel of defendant excepted to the opinion and removed the record to this court.

*Opinion.*—" Whether the will given in evidence, executed as it was during the coverture of Eliza Lyne, late Eliza Jones, is of any validity, must depend altogether upon the construction of the deed of Eliza Jones to Christian Stahl, executed and duly rendered on the 8th April, 1825, when she was a single woman, and had full power to grant and convey the property on such terms as she thought proper. By this deed she conveys the property in dispute to Christian Stahl, 'in trust for the sole and separate uses and benefits of herself and her heirs and assigns for ever, but in such a way, and manner that if at any future period the said Eliza Jones should intermarry with any person or persons, her husband or husbands shall by no usage or custom whatever have any right, title, or claim or interest to the rents, issues, and profits of the premises. Nor shall the said premises, nor the rents, issues and profits thereof, be in any way or manner liable for any debts which he or they may now owe, or which he or they may hereafter contract, but be subject to her own order alone, any thing hereinafter contained to the contrary notwithstanding.'

"In other words, did Eliza Jones, afterward Eliza Lyne, reserve to herself the power in the above deed to convey the property by a will that she might hereafter make during her coverture? I take it that it is not material to this question that she devised the property to her heirs at law, in accordance with the deed of trust. If she has reserved the power to dispose of the property by will, she could have devised it to a stranger. One act of Assembly relating to wills, passed 8th April, 1833, authorizes a married woman, 'under a power legally created for the purpose,' to dispose of her real and personal estate. It cannot be denied that Eliza Jones, when she executed this will, being then unmarried, could have reserved to herself the power to dispose of the property by will during coverture; the question is, did she do so?

"In Lancaster *v.* Dolan, 1 Rawle, it is laid down as the rule that a married woman has no power but what is expressly given. In the case of Thomas *v.* Folwell, 2 Wharton, this rule is recognised as the settled law in Pennsylvania: 'That a married woman is to be deemed

to possess no power in respect to her separate estate but what is positively given or reserved for her by the instrument creating such estate.' Several other decisions recognise this doctrine, of a later date. So that whatever may be the law in other states, or in England, we must take the rule here indicated with so much conformity as the law of this state : besides, this rule has the merit óf substantial justice to support it.    In the case of Thomas *v.* Folwell, the real estate was granted by Allen and his wife to the trustee, his heirs and assigns, in fee-simple, to have and hold the same unto the trustee, his heirs and assigns for ever, in trust to and for the only proper use of the wife, her heirs and assigns for ever.    The trustee to receive the rents, issues and profits, and pay them over to the wife, or to such person and in such manner as she shall or may direct, order, or appoint from time to time, and at all times hereafter.    During the coverture, Mrs. Allen made her will, devising the property to her husband.    The court held that she had no power to make a will and dispose of the property during coverture.

" Was, then, Eliza Lyne, late Jones, authorized during her coverture, to make a will under a power legally created for the purpose, in the words of an act of Assembly, which is in effect the same as the rule laid down by the Supreme Court ?

" In the deed to Christian Stahl she conveys the property in trust for her own separate and sole benefit, and that of her heirs and assigns for ever.    This deed conveys the whole estate, the rents, issues and profits to herself during life, and the remainder to her heirs and assigns for ever ; and provides 'that no future husband shall have any claims or interest to the rents, issues, and profits of the premises.    Nor shall the said premises, nor the rents, issues and profits thereof, be in any way liable for any debts which he may owe or hereafter contract, but be subject to her order alone.'    These provisions in this deed places the parties, as nearly as may be, in the same condition as was the wife placed in the case of Thomas *v.* Folwell ; here the rents, issues and profits of the premises are to be received by the trustee, and paid over to Eliza Jones without interruption by any act of a husband that she might have, and subject to her order alone.    In that case they were to be paid to Mrs. Allen, the wife, or to such person and in such manner as she shall or may direct, order, and appoint, from time to time, and at all times hereafter.

" It is said that in this deed of trust, Eliza Jones reserved the control of the land, and the power of disposing of it during coverture, by having inserted in her deed the clause—' Nor shall the said premises, nor the rents, issues, and profits thereof, be liable for her husband's

debts, &c., but be subject to her own order alone.' The counsel contends from these words that not only the rents, &c., but the premises are subject to her order alone, and hence it is she may devise the property by will during her coverture.

"Taking the whole sentence together, as well as the whole deed, I come to a different conclusion. Mrs. Lyne, late Jones, evidently contemplated marriage, and, to secure her property to her own separate use, and to her children after her death, makes the deed already referred to, and conveys the whole in fee-simple, in trust for her sole and separate use during her life, whether married or single, and intending to control the property during her life, for further caution provides against the husband, or his creditors during her life, having any control over the premises, or the rents, issues, and profits. This deed, like the case in Thomas v. Folwell, conveys in fee-simple to the trustee. Nor is there reserved to Mrs. Lyne stronger language of intention to convey it by will in this case than in that. In that case the rents, &c. were to be paid to the wife, or to such person and in such manner as she shall from time to time, and at all times hereafter, order and direct. In this case the counsel seems to think that there is force in the words—'In trust for herself, her heirs and assigns,' which shows that her intention was to reserve the liberty of disposing of her property by will during coverture or otherwise. On a reference to the case of West v. West, in 10 Serg. & Rawle, it will be seen that the word 'assigns' makes no difference. In view, then, of the act of Assembly, and the settled law in Pennsylvania, I am of the opinion Eliza Lyne had no authority to make the will given in evidence, and accordingly give judgment for the plaintiffs."

The following error was assigned:

The court erred in rendering judgment for plaintiffs in the case stated.

*Boas*, for plaintiff in error.

Under the 2d section of the act of 8th of April, 1833, Purdon's Digest, (Stroud's edition, 1032,) a married woman may, under a power legally created for the purpose, dispose of her real estate. He argued that where a power is generally given, without defining the mode in which it must be executed; it may be exercised either by deed or will. Sugden on Powers, 207. Any words indicating an intention to give or reserve a power are sufficient. Ibid. 97, 98.

Feoffment of lands generally, and devise to uses, it shall be as owner; but where owner is not able to grant, but by virtue of the power may grant the land, it shall be by the power, and not as owner. 1 P. Williams, 160.

Now, in the case before your honours, Eliza Jones owned the land, and in view of marriage created a trust, reserving that it shall be for her sole use and benefit, against debts of her intended husband, due or to be thereafter contracted, and both premises and profits to be " subject to her order alone." This, he contended, was a general power reserved to be executed by grant or will; that the words indicated such intention, and that the mode of execution was not defined. Sugden on Powers, 207.

A power was, therefore, legally created to dispose of her real estate by will, as well as by deed. A gift simply to her separate use, as feme covert, is the same as a gift to such uses as she may appoint by deed or will. Ibid. 115. He also cited Sugden on Powers, 116—119; 9 Ves. J. 520; 4 Digest N. Y. R. 766.

*McCormick*, for defendants in error.

He argued that a married woman has no right to make a will of lands. Act of 8th of April, 1833, sec. 1; West *v.* West, 10 Serg. & Rawle, 445; Thomas *v.* Folwell, 2 Whart. 11; Wallace *v.* Coston, 9 Watts, 137. He also cited Dorrance *v.* Scott, 3 Whart. 309, to show that if the wife have a power to charge the estate by deed or will, this does not give the power to charge it by a judgment. A power reserved to the wife to dispose of real estate by deed, would not confer the power to dispose of it by will, because the act of 1833 requires a power to be legally created to dispose of real estate by will. To this point he cited 32 Law Lib., Roper on Husband and Wife, 111, 113. The principle of the cases is to preserve the wife's estate from the influence of her husband; and to carry this out, courts will recognise nothing but an express power.

PER CURIAM. We affirm this judgment, for the reasons given by the president of the court below.

Judgment affirmed.